# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| EARL F. COLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07CV00001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| BUCHANAN COUNTY SCHOOL BOARD, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Michael A. Bragg, Bragg Law PLC, Abingdon, Virginia, for Plaintiff; Jim H. Guynn, Jr., Guynn, Memmer & Dillon, P.C., Roanoke, Virginia, and Thomas R. Scott, Jr., Street Law Firm, LLP, Grundy, Virginia, for Defendants.*

The question presented is whether the defendant, a Virginia local school board, may be sued in this court for money damages under 42 U.S.C.A. § 1983 (West 2003) by virtue of the Eleventh Amendment.[1]

The plaintiff, Earl F. Cole, a local newspaper reporter and publisher, contends in this suit that the defendant Buchanan County School Board ("the Board") violated his rights under the First and Fourteenth Amendments by retaliating against him for publically criticizing the Board and its members. Cole also filed a pendent state-law

---

[1] The Eleventh Amendment to the Constitution provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

claim alleging the Board's actions defamed him. Cole seeks both monetary and injunctive relief. The Board now has moved for partial summary judgment on the ground that Cole's claim for money damages is barred by virtue of the Eleventh Amendment.[2]

In order to determine whether a governmental entity is covered by the Eleventh Amendment, the principal factor for consideration "is whether a judgment against the governmental entity would have to be paid from the State's treasury." *Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 223 (4th Cir. 2001). The Board disclaims that factor in this case.[3]

---

[2] When suit was first filed, the Board and its members were defendants, and they sought dismissal on the ground of legislative immunity. That defense was overruled. *Cole v. Buchanan County Sch. Bd.,* 504 F. Supp. 2d 81, 85 (W.D. Va. 2007). The individual members of the Board then moved to dismiss on the ground of qualified immunity, which motion was denied. *Cole v. Buchanan County Sch. Bd.,* No. 1:07CV00001, 2007 WL 4613039, at 4 (W.D. Va. Dec. 29, 2007). The individuals took an interlocutory appeal, and the court of appeals reversed, holding that Cole's rights were not sufficiently clear that a reasonable official would understand that what he was doing violates those rights. *Cole v. Buchanan County Sch. Bd.*, No. 08-1105, 2009 WL 1336720, at *2-4 (4th Cir. May 14, 2009) (unpublished). In accord with the court of appeals' ruling, the individual Board members have been dismissed as parties to this suit.

[3] At oral argument on the present motion, counsel for the Board advised the court that the Board had insurance covering the case and that "[t]he money that came from the state may have been part of paying that premium, or part of the pool, but it's not specific enough or direct enough to, to bring in that reasoning from the Fourth Circuit [in the *Cash* case]." (Tr. 5.)

If the State's treasury will not have to pay any judgment, as is the case here, the absence of that factor "weighs against finding that entity immune." *Id.* at 224. The court, however, must also examine the relationship between the local governmental entity and the State by considering: "(1) the degree of control that the State exercises over the entity or the degree of autonomy from the State that the entity enjoys; (2) the scope of the entity's concerns—whether local or statewide—with which the entity is involved; and (3) the manner in which State law treats the entity." *Id.* A court must consider these factors before determining whether legal action against a local governmental entity qualifies as "subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Id.* (quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996).

In *Cash*, the court of appeals held that an examination of North Carolina law showed that the school board functioned "more like a county or municipality than like an arm of the State itself." *Cash*, 242 F.3d 224–25. An examination of Virginia law shows that county school boards operate as independent units of local government.

Local school boards in Virginia are autonomous corporate bodies over which the State exercises limited control. Under Virginia law, county school boards may enter into contracts, sue or be sued, and hold title to real or personal property. Va. Code Ann. § 22.1-71 (2006). In Virginia, as in North Carolina, boards manage and

control funds for the local school system and they may incur costs and expenses. Va. Code Ann. § 22.1-89 (2006). In addition, county school boards may hire an attorney to represent the board, pay an employee's legal fees and expenses, and purchase liability and property insurance. Va. Code Ann. §§ 22.1-82, 83, 84 (2006). Local school boards in Virginia may also enter into contracts for telephone service and credit cards, and create policies for commercial, promotional, and corporate partnerships between a school system and businesses. Va. Code Ann. §§ 22.1-89.3, 89.4 (2006). While local school boards may not levy taxes to raise money, the State has implicitly authorized counties, cities, and towns—local governmental entities—to tax property so local governments can fund school districts. Va. Code Ann. § 22.1-95 (2006). Clearly, Virginia law establishes county school boards that have a wide breadth of financial autonomy and independent responsibilities.

Under *Cash's* second factor, a court must "consider whether the School Board is involved with local or statewide concerns." *Cash*, 242 F.3d at 226. This element demonstrates that Virginia county school boards have a local focus that is independent of the State's concerns. While county school boards must comply with State law, local boards are charged with determining the length of the school term, "the studies to be pursued, the methods of teaching and the government to be employed in the schools. . . ." Va. Code Ann. § 22.1-79(5) (2006). In addition,

voters in the county, or county officials, determine the composition of the county school board. Va. Code Ann. §§ 22.1-47, 57.3 (2006).

Under the final factor of the *Cash* analysis, Virginia law characterizes county school boards as local governmental entities, not arms of the State. The section of the Virginia Code dealing with civil remedies and state agencies explicitly states that local school boards are "not state agencies" and that board employees are not "state employees." Va. Code Ann. § 8.01-195.3 (2006). The Virginia Supreme Court has held that local school boards are entitled to sovereign immunity, but that immunity is narrowly interpreted and only pertains to tort claims. *Kellam v. School Bd. of the City of Norfolk*, 117 S.E.2d 96, 97, 100 (Va. 1960). Virginia's grant of sovereign immunity for tort claims, like the school board's limited immunity in *Cash*, offers county school boards a narrow form of State protection. It should not be mistaken as an indicia of State control.

Virginia's autonomous county school districts contrast sharply with the Maryland county school board examined in *Lewis v. Board of Education of Talbot County*, 262 F.2d 608 (D. Md. 2003). The *Lewis* district court used the *Cash* analysis to determine that under the Eleventh Amendment, the Talbot County School Board should be accorded sovereign immunity because it was an arm of the State. *Id.* at 613–14. In this case, the Board clearly differs from the county board in *Lewis*, which

was appointed by the governor, could not buy or sell property without the State's permission, and had to submit its budget to for an annual State audit. *Id.* at 613. In contrast, Virginia county school boards are locally elected or appointed, and school boards may sell, buy, and hold property. Va. Code Ann. §§ 22.1-47, 57.3, 71 (2006). The interdependent relationship between the State and the *Lewis* school board does not exist in Virginia. Rather, in Virginia, county school boards are independent local agencies.

The State, however, does have some influence over Virginia county school boards. As in *Cash*, Virginia county school boards receive money from the State and they must follow statewide rules regarding aspects of course curriculum or annual budgets. Va. Code Ann. §§ 22.1-88, 115, 199-212 (2006). But these factors do not shift the balance toward a finding of sovereign immunity. Instead, the scope of independence given to county school boards under Virginia law, and the school boards' involvement in purely local concerns, demonstrate that Virginia county school boards are autonomous governmental entities.

In this case, the above-mentioned considerations must be coupled with the most "salient factor" in an Eleventh Amendment determination: the uncontested fact that a judgment against the Board would not be paid from the State's treasury. *Cash*, 242 F.3d at 224 (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48

was appointed by the governor, could not buy or sell property without the State's permission, and had to submit its budget to for an annual State audit. *Id.* at 613. In contrast, Virginia county school boards are locally elected or appointed, and school boards may sell, buy, and hold property. Va. Code Ann. §§ 22.1-47, 57.3, 71 (2006). The interdependent relationship between the State and the *Lewis* school board does not exist in Virginia. Rather, in Virginia, county school boards are independent local agencies.

The State, however, does have some influence over Virginia county school boards. As in *Cash*, Virginia county school boards receive money from the State and they must follow statewide rules regarding aspects of course curriculum or annual budgets. Va. Code Ann. §§ 22.1-88, 115, 199-212 (2006). But these factors do not shift the balance toward a finding of sovereign immunity. Instead, the scope of independence given to county school boards under Virginia law, and the school boards' involvement in purely local concerns, demonstrate that Virginia county school boards are autonomous governmental entities.

In this case, the above-mentioned considerations must be coupled with the most "salient factor" in an Eleventh Amendment determination: the uncontested fact that a judgment against the Board would not be paid from the State's treasury. *Cash*, 242 F.3d at 224 (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48

(1994)).  Upon consideration of each factor, it is clear that the Buchanan County School Board is an independent local governmental agency, not an arm of the State.

For these reasons, I conclude that the Board is not entitled to sovereign immunity under the Eleventh Amendment and Cole may proceed with his claim for money damages under § 1983.

The Board's Motion for Summary Judgment and supporting memoranda do not discuss the pendent state defamation claim against the Board.  Nevertheless, I must dismiss Cole's defamation claim because Virginia common law holds that county school boards are immune from state-law tort liability, which includes claims of defamation.  *Kellam*, 117 S.E.2d at 97, 100.

For the foregoing reasons, it is **ORDERED** that the Board's Motion for Summary Judgment as to Cole's § 1983 claim is DENIED.  It is further **ORDERED** that Cole's state-law defamation claim is DISMISSED.

ENTER: October 1, 2009

/s/ JAMES P. JONES
Chief United States District Judge