# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **EARL F. COLE,** | ) |
| Plaintiff, | ) Case No. 1:07CV00001 |
| v. | ) **OPINION AND ORDER** |
| **BUCHANAN COUNTY SCHOOL BOARD, ET AL.,** | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendants. | ) |

*Michael A. Bragg, Bragg Law PLC, Abingdon, Virginia, for Plaintiff; Jim H. Guynn, Jr., Guynn, Memmer & Dillon, P.C., Roanoke, Virginia, and Thomas R. Scott, Jr., Street Law Firm, LLP, Grundy, Virginia, for Defendants.*

The plaintiff succeeded in this action under 42 U.S.C.A. § 1983 (West 2003) against a local school board and is entitled to an award of attorneys' fees under 42 U.S.C.A. § 1988 (West 2003). The defendant objects to any award of fees representing time spent by the plaintiff's attorney in pursuit of claims against individual board members, who were dismissed prior to trial as the result of an interlocutory appeal.

Because I find that the claims against the individual board members were inextricably intertwined with the successful claim, I will not reduce the award.

I

Plaintiff Earl F. Cole is the publisher of The Voice, a Buchanan County newspaper focusing on local news. Cole, who also reports for The Voice, sued the Buchanan County School Board (the "Board") and four board members alleging a civil rights violation under § 1983.[1] Cole alleged that the Board passed a resolution banning him from school grounds in retaliation for his critical opinion pieces. The defendants moved to dismiss, alleging Cole failed to sufficiently plead a First Amendment retaliation claim and that individual board members were entitled to legislative immunity from the suit. I denied the motion as to both issues. *Cole I*, 504 F. Supp. 2d at 87–88.

The defendants submitted answers and moved for summary judgment in their favor. I denied this motion, concluding that Cole had sufficiently shown a constitutional violation and that individual school board members were not entitled to qualified immunity. *Cole v. Buchanan County Sch. Bd.*, 2007 WL 4613039, *4 (W.D. Va. Dec. 29, 2007) ("*Cole II*"). The Board and its members appealed.

On appeal, the defendants argued that Cole did not establish a prima facie case for a First Amendment violation and that individual board members should be

---

[1] The facts alleged in Cole's Complaint are detailed in *Cole v. Buchanan County School Board*, 504 F. Supp. 2d 81 (W.D. Va. 2007) ("*Cole I*").

afforded qualified immunity because Cole's rights were not clearly established. The Fourth Circuit agreed with the defendants as to the qualified immunity issue, but the court specifically declined to resolve whether Cole's First Amendment rights were violated. *Cole v. Buchanan County Sch. Bd.*, 328 F. App'x 204, 207 n.4, 208–11 (4th Cir. 2009) (unpublished) ("*Cole III*"). After the case was remanded, the Board unsuccessfully moved for summary judgment in its favor before proceeding to trial. The jury found for Cole and awarded him $200,000 in damages.[2]

As the prevailing party, Cole moved for $1,182 for costs, $22,980 for the work of attorney Michael Bragg, and $3,125 for the work of co-counsel Ed Matney. The Board objected, asserting that it should not pay for Matney's fees and that Cole should not recover fees and costs "for time spent solely on pursuit" of the unsuccessful claims against the individual board members, which includes the interlocutory appeal.[3] (Def.'s Resp. ¶ 2–3.) Cole argues his request is reasonable because the Board joined with the board members in the appeal and he ultimately prevailed against the Board.

---

[2] The Board's appeal after the jury verdict is pending before the Fourth Circuit.

[3] In its response, the Board did not object to the hourly rate charged by Cole's counsel. I accept the Board's acquiescence of the rate as reasonable.

II

In a federal civil rights action "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988(b). A party prevails if they "'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)). Success is obtained when a party obtains an enforceable judgment or similar relief in a settlement or consent decree. *Arvinger v. Mayor & City Council of Baltimore*, 31 F.3d 196, 201 (4th Cir. 1994).

Determining whether a party prevailed becomes complicated when a party succeeds upon some claims, but fails upon others. That is the primary issue posed here. The more intricate question at hand is the degree to which I should consider Cole a prevailing party. To answer this, I must first evaluate whether the failed claims are intertwined with the successful claims. *Hensley*, 461 U.S. at 434. Claims are inextricably intermingled when they share the same facts and legal theories, or are based upon similar legal theories. *Plyler v. Evatt*, 902 F.2d 273, 280 (4th Cir. 1990). If successful and failed claims are interrelated, I must then consider whether the

plaintiff succeeded to such a degree that counsel's time serves as a satisfactory basis for a reasonable fee award. *Hensley,* 461 U.S. at 434.

Cole's failed claims are intertwined with his successful claim because the claims share identical facts and legal theories making it difficult to divide time "expended on a claim-by-claim basis." *Id.* at 435. The underlying facts of the initial case stemmed from Cole's entry onto Buchanan County school property, his opinion pieces, and the subsequent school board resolution. *Cole I* and *Cole II* shared this factual core. *Cole I* and *Cole II* also rested upon the same legal issue: whether the board passed the resolution as retribution for Cole's critical prose.

*Cole II* differed slightly from *Cole I* because it involved the question of qualified immunity. But to prevent individual board members from using this defense, Cole first had to prove that he suffered a First Amendment violation. This is the same legal issue that formed the basis of Cole's prevailing claim. Thus, the related facts and legal questions in *Cole I* and *Cole II* make it difficult to parse apart counsel's time, which was "devoted generally to the litigation as a whole." *Id.*

Successful and unsuccessful claims are intertwined if a plaintiff pursues an appeal to protect a favorable lower court judgment. In *Plyler*, the Fourth Circuit held that the original litigation and unsuccessful appeal were intertwined because the "[p]laintiff class had no option but to incur the related costs; plaintiffs' counsel were

under clear obligation to make the defensive effort." 902 F.2d at 281. And, denying attorneys' fees in such a situation would "thwart the underlying purpose" of § 1988. *Id.* In this case, it is appropriate to award fees for Bragg's appellate work because Cole faced two choices once the Board appealed. He could mount an appellate defense or forfeit his district court victory. Given Cole's defensive position, and his eventual success, it would thwart the purpose of § 1988 to deny legal fees for this effort. *Id.*

Contrary to the Board's assertion, the appeal did not focus solely on qualified immunity. The parties argued two issues on appeal: whether Cole suffered a First Amendment violation and whether his rights were clearly established. In fact, the Board devoted a large portion of its appellate brief to the First Amendment question. (Appellant's Br. 6–15.) A fee award for Bragg's defensive appellate work in *Cole III* is reasonable because the appeal was inextricably intertwined with Cole's prevailing claim.

It is important to note that the Board joined with the individual board members in the appeal. This means that Bragg's appellate work related to both the Board and the board members. Had the Fourth Circuit agreed with the Board, it would have been the end of the case. Cole prevailed, however, when the Fourth Circuit

specifically declined to determine whether he suffered a First Amendment violation. Thus, Bragg's appellate work was devoted, in large part, to preserving the entire case.

The Board argues that the holding of *Randall v. Prince George's County, Maryland*, 302 F.3d 188 (4th Cir. 2002), bars Cole's recovery of fees for the unsuccessful claims. I disagree with the Board's interpretation. In *Randall,* the Fourth Circuit held that a district court may not make a fee award based on a mathematical comparison between the number of claims filed and the number prevailed upon. 302 F.3d at 211–12. I cannot deny a fee request solely because the plaintiff lost some of his claims. *Hensley* requires me to consider whether successful and unsuccessful claims share identical facts and legal theories, and if so, the plaintiff's degree of success.

This case also differs significantly from *Randall*. The plaintiffs in *Randall* sued numerous defendants because it was difficult to determine which defendants had acted unconstitutionally and the plaintiffs sought to preserve numerous claims. *Id.* at 212. In contrast, Cole sued the Board and four board members who had voted to pass the resolution—defendants with an unquestionable role in the contested act. Cole also prevailed upon the central issue of his lawsuit, a claim he managed to preserve throughout two years of legal battles. And, the jury's award of $200,000 in damages serves as tangible indicia of Cole's success.

III

To determine whether fees are reasonable a court must consider multiple factors including the time and labor expended, the difficulty of the questions raised, and the skill required to properly provide competent legal services. *Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987) (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

The Board asserts that Matney's co-counsel fees are unreasonable because he did not give "notice of an appearance of counsel" and he had "no part in the trial of this case." (Def.'s Resp. ¶ 4.) Bragg requested permission for Matney's participation at trial and I consented. Whether Matney filed a written notice of appearance is irrelevant. Cole's use of a second attorney during a three-day jury trial was reasonable.

In addition, the case's subject matter justified the limited involvement of a second attorney. The case centered upon Buchanan County schools and politicians. It was reasonable for Bragg, whose office is outside Buchanan County, to seek the assistance of a Buchanan County attorney who could provide local information and insight. Matney expended a reasonable amount of time, twenty-five hours, to review the file and assist with trial as the case spanned several years and the trial lasted for

almost three days. Because of these factors, a fee award for Matney's limited participation is fair.

An award for the full amount of fees is particularly fair given the modest amount requested by Bragg and Matney. This is a case in which the plaintiff successfully defended his suit against several motions and an appeal. When the case reached trial, the jury found in Cole's favor and awarded him $200,000. The fees sought by Cole's counsel amount to less than fifteen percent of Cole's damages. The modest fees sought are reasonable in light of the skill and effort required by the case.

IV

For the foregoing reasons, the plaintiff's motion is GRANTED. The defendant is **ORDERED** to pay plaintiff's counsel $26,105 in attorneys' fees and $1,182 in costs.

ENTER: December 2, 2009

/s/ JAMES P. JONES
Chief United States District Judge